FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

'12 NOV 20 P3:58

CLERK U.S. DISTRICT COURT
BY _SMg_ DEPUTY CLERK

HAROLD M. MANJON

P.O. BOX 16681

WICHITA KS 67216
(Enter above the full name of Plaintiff(s))

vs.

HAWKER BEECHCRAFT CORP
Name

10511 E CENTRAL
Street and number

WICHITA KS       67206
City       State       Zip Code

Case Number: 12-CV-1438-JTM-KGG
(To be assigned by Clerk)

(Enter above the full name and address of
Defendant in this action - list the name and address
of any additional Defendants on the back side of
this sheet.)

## EMPLOYMENT DISCRIMINATION COMPLAINT

1.    This employment discrimination lawsuit is based on (check only those that apply):

_____    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et
seq.*, for employment discrimination on the basis of race, color, religion, gender,
or national origin.
**NOTE:** *In order to bring suit in federal district court under Title VII, you must
first obtain a right-to-sue letter from the Equal Employment Opportunity
Commission.*

_____    Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621,
*et seq.*, for employment discrimination on the basis of age (age 40 or older).
**NOTE:** *In order to bring suit in federal district court under the Age
Discrimination in Employment Act, you must first file charges with the Equal
Employment Opportunity Commission.*

__X__    American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*,

1

for employment discrimination on the basis of disability.

**NOTE:** *In order to bring suit in federal district court under the American with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

✓   Other (Describe)
    KANSAS ACT AGAINST DISCRIMINATION (CHAPTER 44, ARTIO, K.S.A) SUBSECTION (a)(4) OF SECTION 44-1009 OF SAID ACT BECAUSE OF RETALIATION
    (SEE ATTACHED "C")

2.   If you are claiming that the discriminatory conduct occurred at a different location than the address provided for Defendant, please provide the following information:

_____

(Street Address) (City/County) (State) (Zip Code)

3.   When did the discrimination occur?  Please give the date or time period:
     2010 — 2011     ('SEE ATTACHED "C")

## ADMINISTRATIVE PROCEDURES

4.   Did you file a charge of discrimination against Defendant(s) with the Kansas State Division of Human Rights or the Kansas State Commission on Human Rights?
     ✓ Yes   Date filed: 2/15/2011
     _____ No

5.   Did you file a charge of discrimination against Defendant(s) with the Equal Employment Opportunity Commission or other federal agency?
     ✓ Yes   Date filed: 2/15/2011
     _____ No

6.   Have you received a Notice of Right-to-Sue Letter?
     ✓ Yes _____ No
     If yes, please attach a copy of the letter to this complaint.

7.   If you are claiming *age discrimination*, check one of the following:
     _____ 60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.
     _____ fewer than 60 days have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

2

## NATURE OF THE CASE

8. The conduct complained of in this lawsuit involves (check only those that apply):

\_\_\_\_ failure to hire me

\_\_✓\_ termination of my employment

\_\_\_\_ failure to promote me

\_\_✓\_ failure to accommodate my disability

\_\_\_\_ terms and conditions of my employment differ from those of similar employees

\_\_✓\_ retaliation

\_\_✓\_ harassment

\_\_\_\_ reduction in wages

\_\_\_\_ other conduct (specify):

_____

Did you complain about this same conduct in your charge of discrimination?

\_\_✓\_ Yes        \_\_\_\_\_ No

9. I believe that I was discriminated against because of (check all that apply):

\_\_\_\_ my race or color, which is \_\_\_\_ _____

\_\_\_\_ my religion, which is _____ _____

\_\_\_\_ my national origin, which is _____

\_\_\_\_ my gender, which is _____male; _____female

\_\_✓\_ my disability or perceived disability, which is _____

\_\_\_\_ my age (my birth date is: _____)

\_\_✓\_ other: \_\_\_RETALIATION_____

Did you state the same reason(s) in your charge of discrimination?

\_\_✓\_ Yes        \_\_\_\_\_ No

10. State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. It is not necessary to make legal arguments, or to cite cases or statutes.

_____SEE  ATTACHED   ("C")_____

_____

_____

_____

_____

_____

3

(Attach additional sheets as necessary).

11.   The acts set forth in paragraph 10 of this complaint:
      _____ are still being committed by Defendant.
      __✓__ are no longer being committed by Defendant.
      _____ may still be being committed by Defendant.

12.   Plaintiff:
      _____ still works for Defendant
      __✓__ no longer works for Defendant or was not hired

13.   If this is a *disability-related claim*, did Defendant deny a request for a reasonable accommodation?
      __✓__ Yes     _____ No
      Explain: _____ SEE ATTACHED ("C") _____

## REQUEST FOR RELIEF

As relief from the allegations of discrimination as stated above, Plaintiff prays that the court grant the following relief to Plaintiff: (check any and all that apply)
      _____ Defendant be directed to employ Plaintiff
      _____ Defendant be directed to re-employ Plaintiff
      _____ Defendant be directed to promote Plaintiff
      _____ Defendant be directed to _____
      _____ Injunctive relief (please explain): _____
      __✓__ Monetary damages (please explain): SEE ATTACHED (A)
      __✓__ Costs and fees involved in litigating this case
      __✓__ As additional relief to make Plaintiff whole, Plaintiff seeks: RELIEF
      EXCLUSIVE OF PUNITIVE DAMAGES AND/OR FINES OR STATUTARY
      and such other relief as may be appropriate, including attorney's fees, if applicable. PENALTIES.
                                                                        ATTACHMENT (A)

Signed this 20 day of NOVEMBER, 2012.

      _____
      Signature of Plaintiff
      HAROLD M. NYANJOM
      Name (Print or Type)
      P. O. BOX 16081
      Address
      WICHITA KS 67216
      City State Zip Code

4

Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ( Wichita, Kansas City or Topeka ), Kansas as the location for the trial in this matter.  (circle one location)

_____
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury ( yes or no ).
(circle one)

_____
Signature of Plaintiff

Dated: _____
(Rev. 8/07)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**St. Louis District Office**

Robert A. Young Building
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
St. Louis Status Line: (866) 408-8075
St. Louis Direct Dial: (314) 539-7880
TTY (314) 539-7803
FAX (314) 539-7893

## Charge No. 28D-2011-00342C

Harold M. Nyanjom
P.O. Box 16681
Wichita, KS 67216

       Charging Party

     vs.

Hawker Beechcraft Corporation
10511 E. Central
Wichita, KS 67206

       Respondent

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission, I issue the following determination on the merits of the subject charge.

Respondent is an employer within the meaning of the statutes enforced by the Commission. Timeliness, deferral and all other jurisdictional requirements for coverage have been met.

Substantial weight has been accorded to the findings of the Kansas Human Rights Commission that there is reasonable cause to believe that a violation of the law has occurred.

The parties are reminded that federal law prohibits retaliation against individuals who have exercised their right to protest acts they believe violate the laws enforced by the Commission. Retaliation against individuals who have participated in the processing of charges or complaints by the Commission is also prohibited. These protections extend to the individuals regardless of the Commission's determination concerning the merits of the Charge.

This determination does not conclude the processing of this charge. EEOC will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred.

If Respondent declines to discuss settlement, or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

ON BEHALF OF THE COMMISSION

OCT 19 2012

Date

James R. Neely, Jr.
District Director

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**St. Louis District Office**

Robert A. Young Building
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
St. Louis Status Line: (866) 408-8075
St. Louis Direct Dial: (314) 539-7880
TTY (314) 539-7803
FAX (314) 539-7893

September 11, 2012

Harold Nyanjom
P.O. Box 16681
Wichita, KS 67216

Re:    Charge No. 28D-2011-00928
       Harold Nyanjom vs. Hawker Beechcraft Company

Dear Sir or Madam:

This letter acknowledges receipt of your request to have the State Agency's decision in the above-referenced matter reviewed.   Your request for review was timely received.   Your case will be reviewed and the Equal Employment Opportunity Commission (EEOC) will issue a written decision.

If we may be of further assistance, you may contact me at 314-539-7816.

Sincerely,

Joseph J. Wilson
State and Local Coordinator

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Harold M. Nyanjom<br>P.O. Box 16681<br>Wichita, KS 67216 | From: St. Louis District Office<br>Robert A. Young Bldg<br>1222 Spruce St, Rm 8.100<br>Saint Louis, MO 63103 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 28D-2011-00928 | Joseph J. Wilson,<br>State and Local Coordinator | (314) 539-7816 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☒  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

_____
James R. Neely, Jr.,
Director

November 1, 2012
*(Date Mailed)*

cc:  **Wanda Roehl**
**Manager, Workforce Placement & EEO**
**HAWKER BEECHCRAFT CORPORATION**
**10511 E. Central**
**Wichita, KS 67206**

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 – in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice, if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. **If you need help in finding a lawyer, you may call (314) 539-7911 in St. Louis, (913) 551-6609 in Kansas City, or (405) 231-5349 in Oklahoma City.** If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly **in writing** and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

DOCKET NO.     35023-12W

On the complaint of

Harold M. Nyanjom

Complainant,

vs.

Respondent,

Hawker Beechcraft Company and its Representatives

I, Harold M. Nyanjom residing at P.O. Box 16681, Wichita, KS  67216

charge Hawker Beechcraft Company and its Representatives whose address is 9709 E. Central, Wichita, KS  67206

With an unlawful practice within the meaning of:

[X] The Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A.) and specifically within the meaning of subsection (a)(4) of Section 44-1009 of said Act, because of my :
( ) RACE          ( ) SEX                          ( ) ANCESTRY      (X) RETALIATION
( ) RELIGION    ( ) NATIONAL ORIGIN      ( ) DISABILITY     ( ) FAMILIAL STATUS
( ) COLOR       ( ) GENETIC INFORMATION

[] The Kansas Age Discrimination in Employment Act (Chapter 44, Art. 11, K.S.A.) and specifically within the meaning of subsection of Section 44-1113 of said Act, because of my AGE.

Alleged Date of Incident, on or about May 31, 2011.

The aforesaid charges are based on the following facts:

I.      I have previously filed a discrimination complaint against the Respondent, the charge number is 34476-11W.

II.     I was employed by the Respondent from January 22, 1999, to May 31, 2011.  I last held the position of Sheetmetal Assembler.

   A. On February 15, 2011, I filed a disability discrimination complaint against the Respondent with the Kansas Human Rights Commission.  Subsequently, on May 31, 2011, I was subjected to an involuntary retirement.  I could have continued working if I was provided the reasonable accommodation I had repeatedly requested.  Furthermore, I was provided retirement benefits beginning May 31, 2011; however, I was not provided disability retirement benefits prior to this date, even though I had been determined to have a disability and had been placed on an involuntary medical leave of absence as of September 14, 2010.

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

(continued)
Docket No.    $35023-12 \omega$

III.   I hereby charge Hawker Beechcraft Company and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was denied disability retirement benefits and subjected to an involuntary retirement as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

I have not commenced any action, civil or criminal, based upon the grievance set forth above, except

STATE OF KANSAS                    )
                                                   )ss:
COUNTY OF _Sedgwick_          )

X _____
(Signature of Complainant)

Harold M. Nyanjom, being duly sworn, deposes and says that: that she/he is the Complainant herein; that she/he has read the foregoing complaint and knows the contents thereof; that the same is true of her/his own knowledge except as to the matters therein stated on information and belief; that as to those matters she/he believes the same to be true.

Subscribed and sworn to before me

this _17_ day of _SEPTEMBER_, 2011

X _____
(Signature of Complainant)

_____
(Signature of Notary Public)

MY COMMISSION EXPIRES: _11-13-2013_



JAN STEVENTON
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. _11-13-2013_

RECEIVED
SEP 2 0 2011
KANSAS HUMAN RIGHTS COMM.





# CASE, MOSES, ZIMMERMAN & MARTIN, P.A.

ATTORNEYS AT LAW
D. Michael Case
David H. Moses
William H. Zimmerman, Jr.
Tammy M. Martin
Susan G. Saidian
Chris J. Pate
Justin M. Waggoner
Suzanne R. Dwyer, Of Counsel

Retired
Thomas L. Wilson
John E. Foulston

O.W. Garvey Center
200 West Douglas Ave., Suite 900
Wichita, Kansas 67202
Telephone: 316-303-0100
Toll-Free: 866-303-0101
Facsimile: 316-265-8263

www.cmzwlaw.com
sgsaidian@cmzwlaw.com

Overland Park, KS Office:
7011 West 121st Street, Suite 102
Corporate Lakes
Overland Park, Kansas 66209
T: 913-948-9360
888-250-3871
F: 913-451-1553

September 7, 2012

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

**FILE**

Re:     Hawker Beechcraft Corporation
        Case no. 12-11878, Chapter 11

Dear Sir or Madam:

Enclosed is an original and one copy of a claim on behalf of Harold Nyanjom (34476-11W) as well as a stamped, self addressed envelope. Please file the original and return a filestamped copy to me in the enclosed envelope. If you have any questions, please do not hesitate to give me a call.

Very truly yours,

Susan G. Saidian

SGS/ss
Enclosures

Hawker Beechcraft, Inc. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5285
New York, NY 10150-5285

**THIS SPACE IS FOR COURT USE ONLY**

| Name of Debtor Against Which Claim is Held: | Case No. of Debtor: |
| HAWKER BEECHCRAFT CORPORATION | 12-11878 (SMB) |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name and address where notices should be sent:

HBC (MERGE2.DBF,SCHED_NO) SCHEDULE #: 878041370*****
BAR(23) MAILID *** 000063298590 ***
NYANJOM, HAROLD

c/o Susan Saidian
Case, Moses, Zimmerman & Martin
200 W. Douglas, Suite 900
Wichita, KS 67202

Telephone number:               Email Address:

316-303-0100      sgsaidian@cmzwlaw.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
*(if known)*
Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Your claim is scheduled by the Debtor as:
UNSECURED
UNLIQUIDATED
DISPUTED
CONTINGENT
UNDETERMINED

Name and address where payment should be sent (if different from above):

THIS SPACE IS FOR COURT USE ONLY

Telephone number:          Email Address:

1. Amount of Claim as of Date Case Filed: $ **See Attached**

   If all or part of your claim is secured, complete Item 4.

   If all or part of your claim is entitled to priority, complete item 5.

   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. Basis for Claim: **See Attached**  _____ *(See instruction #2 on reverse side)*

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   *(See instruction #3a on reverse side)*

4. Secured Claim *(See instruction #4 on reverse side)*
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:   ☐ Real Estate      ☐ Motor Vehicle      ☐ Other
   Describe:

   Value of Property: $_____ Annual Interest Rate _____% ☐ Fixed  or  ☐ Variable
   *(when case is filed)*
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____
   Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $11,725), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

   **Amount entitled to priority:**

   $_____

   *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____ *(See instruction #6 on reverse side)*

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. *(See instruction #7 on reverse side)*

8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8 on reverse side and definition of "redacted".)*
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

9. Signature: *(See instruction #9 on reverse side)*   Check the appropriate box:
   ☐ I am the creditor   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their   ☐ I am a guarantor, surety, indorser, or other codebtor.
   (Attached a copy of power of attorney, if any)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **Harold Nyanjom**          Title: _____          Company: _____

Address and telephone number
(if different from notice address above):

_____

_____                    (Signature)           9/7/2012 (Date)

Telephone number:_____          email:_____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



### Exhibit to Proof of Claim of Harold Nyanjom

See Summary of Investigative Findings, attached, for more details on the claim. The amount claimed pursuant to Docket No. 34476-11W includes wages, medical and incidental damages and documentation will be supplied once the exact amount is determined. The amount claimed may be subject to adjustment for statutory fines or penalties or punitive damages if they are allowed.  It is not debtor's intention to double claim from his claim on Docket Number 35023-12. Filing of this claim is not intended to prejudice claimant's ability to seek stay relief or to pursue third parties.

**$150,000** exclusive of punitive damages and/or fines or statutory penalties if they are allowed

Harold Nyanjom
September 7, 2012

(c)

# Kansas
### Human Rights Commission

130 South Market Street, Suite 7050
Wichita, KS 67202-3827

Phone: (316) 337-6270
Fax: (316) 337-7376
www.khrc.net

Melvin J. Neufeld, Chair, Garden City
Terry Crowder, Vice Chair, Topeka
Pat Hill, Overland Park
Joshua Ney, Lawrence
Anthony Villegas, Sr., Kansas City
Jerome Williams, Wichita

William V. Minner, Executive Director
Ruth Glover, Assistant Director
Bill Wright, Topeka Investigative Admin.

Sam Brownback, Governor
Orie Kirksey, Topeka Investigative Admin.
Jane L. Neave, Wichita Investigative Admin.
Rick Fischli, Racial & Other Profiling Admin.
Beth Montgomery, Office Manager

August 27, 2012

Harold M. Nyanjom
P.O. Box 16681
Wichita, KS  67216

RE: Case No. 34476-11 W Amended; Nyanjom v Hawker Beechcraft Company

Dear Mr. Nyanjom:

The investigation of your complaint charging Hawker Beechcraft Company and its representatives with a violation of the Kansas Act Against Discrimination has been completed.

The Commission Investigator presented the findings to the Investigating Commissioner who reviewed the facts in the case and determined that Probable Cause exists to credit the allegation(s) in the complaint.  A copy of the Case Summary is enclosed for your review.

The company is currently part of a Chapter 11 Bankruptcy reorganization.  Therefore, this complaint will be administratively closed and you are advised to file any individual claim relating to this charge as directed by the U.S. Bankruptcy Court's Notice of Disclosure Statement issued to you.  The Commission will take no further action on this charge.

Very truly yours,

*Jane L Neave*

Jane L. Neave
Wichita Investigative Administrator

Enclosure

JLN

(c)

## CASE SUMMARY REPORT

**DOCKET NO. 34476-11W Amended**

| **COMPLAINANT** | vs. | **RESPONDENT** |

Harold M. Nyanjom
P.O. Box 20888
Wichita, KS 67208

Hawker Beechcraft Company
9709 E. Central
Wichita, KS 67206

**INVESTIGATOR:**

Cindy Nelson

**SUMMARY DATE:**

July 31, 2012

## SUMMARY OF INVESTIGATIVE FINDINGS

### COMPLAINANT'S ALLEGATIONS

He was subjected to discrimination due to his disability, near-sighted in his right eye with visual field constriction which gives him tunnel vision in that eye, and left eye has light perception vision only. Respondent retaliated against him for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination. He alleged he was also discriminated against or retaliated against in connection with his application for a Technical Specialist position, a job he could have performed with or without reasonable accommodations.

### RESPONDENT'S DEFENSE

Respondent denied discriminating against Complainant due to his disability and denied subjecting him to involuntary transfers or an involuntary medical leave of absence. Respondent denied they did not provide Complainant with any benefit he was entitled to, he was denied rehire, or retaliated against for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

### INVESTIGATIVE FINDINGS

Respondent is a general aviation manufacturer. Complainant was hired on January 22, 1999 as a sheet metal assembler. Other positions he held included: operator conven. cnc rivet, inspector assembly, and inspector conformity. He was placed on medical leave effective September 15, 2010. Respondent's letter on January 28, 2011, stated he was laid off but had recall rights into quality assurance. A Collective Bargaining Agreement (CBA) is in effect.

(c)

Case Summary No. 34476-11W Amended
Nyanjom vs. Hawker Beechcraft Company
Page 2

Complainant's optometrist, witness #5, reported the vision in his right eye can be corrected with
glasses to 20/20; however, he has a visual field constriction in his right eye. The floater in the right
eye may occasionally blur his vision in that eye. His left eye has light perception vision only and he
is legally blind in the left eye.

Complainant reported he was hired as a sheet metal assembler on January 22, 1999, and worked in
sheet metal until March 25, 2002, and again from June 2, 2003, to January 1, 2007, and from
November 30, 2009, until May 2, 2010. Then, he transferred to a quality assurance (QA) position as
an accommodation of his disability. He performed work in QA with or without accommodations and
trained others until he was laid off. The CBA allowed him to bump back into sheet metal assembly;
however, sheet metal posed major safety concerns, especially when cutting since he had to stand very
close to see the material. If he injured his good eye, he could be without vision. There were
administrative and other sheet metal positions he could have performed with or without
accommodation. However, on August 30, 2010, Respondent transferred him to sheet metal
assembler position without any accommodation.

Respondent reported Complainant bumped into a QA opening on May 3, 2010; but, it was not an
accommodation for a disability. Subsequently, he was laid off from QA on August 2, 2010, as he did
not have the seniority to hold it and he bumped again to sheet metal.

Complainant reported in 2002, after he destroyed part of a wing because he could not see the
material adequately, he transferred to QA. When he returned to a sheet metal assembler position on
November 30, 2009, he was verbally abused by the line manager, witness #2. Witness #2 told
Complainant and witness #1, his immediate supervisor, "You are better off training a monkey to go
to the moon" as witness #1 showed Complainant the sheet metal department's performance charts.

Witness #1, Complainant's immediate supervisor, said he did not recall witness #2 stating: "You are
better off training a monkey to go to the moon" in regard to Complainant's work in sheet metal.
Witness #2 denied he made the statement: "You are better off training a monkey to go to the moon"
in regard to Complainant working in sheet metal.

Respondent contended in Complainant's area, sheet metal parts were assembled and there was no
requirement for cutting or grinding sheet metal. The work involved drilling, riveting and bucking
rivets.

Complainant explained he formed parts which he had to cut before assembly. He drilled into sheet
metal, which caused burrs or debris in the air. He had inadequate lighting and requested an
accommodation, which witness #1 and witness #2 ignored. He wore safety glasses for protection.
Larger glasses were available but gave him chronic headaches. Even with safety glasses, he had
burrs in his eyes from the sheet metal. Around April-May 2010, he went to health services after
getting burrs in his good eye. They provided ointment for the eye abrasions. An assistive device that

Case Summary No. 34476-11W Amended
Nyanjom vs. Hawker Beechcraft Company
Page 3

provided more eye protection could have allowed him to work safely; but, was never considered or attempted.

Respondent reported on May 12, 2010, Complainant's optometrist's note recommended he not perform tasks that put his eyes at risk. He was instructed to have his optometrist, witness #5, clarify which tasks he could not perform and to recheck with health services.

Complainant contended both he and his optometrist made numerous attempts to communicate with health services but they were largely unresponsive. Complainant alleged the nurses and witness #3, the health services supervisor, avoided him and would not consistently maintain contact.

Complainant's optometrist, witness #5, documented she left messages for witness #3, health services supervisor, but as of June 25, 2010 had not heard from him. Witness #5 reported on July 2, 2010, witness #3 indicated he would see what Complainant wanted and why letters regarding his vision were necessary. On July 7, 2010, witness #5 noted she sent witness #3 a vision report and recommendations. Witness #5 said witness #3 stated he was trying to keep Complainant working and Complainant had not made mistakes or had performance problems witness #3 was aware of.

Complainant's August 27, 2010 letter to his optometrist listed the high risk sheet metal assembly tasks he performed as:

1. Set up and perform all manual assembly operations and related machine functions required to accomplish assignments.

2. Sheet metal assembly and mating of structural parts and assembly by drilling, routing, reaming, counter sinking, spot facing, counter boring and installing fasteners utilizing hand powered tools.

3. Measuring parts to determine specified tolerances, trimming and filling parts to fit and verifying fitting tolerances; locating holes to be drilled and structural assembly for installation of parts and components, using jigs, templates and measuring instruments; drill, tap, ream, counter sink, holes in subassemblies. Will also drill holes in structure and attach brackets, hinges, braces and clips to secure installation.

4. Positioning and aligning subassemblies in jigs or fixtures, utilize tooling in the assembly of components into subassemblies or end items.

Complainant's optometrist noted on September 3, 2010, she informed Complainant she would not write a letter regarding his performance of the above tasks. He first needed to obtain an evaluation from an occupational therapist at Envision, witness #4.

(c)

Case Summary No. 34476-11W Amended
Nyanjom vs. Hawker Beechcraft Company
Page 4

Witness #4, Envision vocational trainer/evaluator, verified Complainant's optometrist requested a job site assessment for Complainant at the end of summer 2010 at his work location. She e-mailed Complainant's supervisor, who never responded.

Witness #2 acknowledged he was contacted by Envision about doing an assessment. He did not authorize the assessment and let Complainant they could do an assessment through the company. He recalled they did some type of assessment. Witness #2 did not think the assessment was too helpful; because, the Complainant wanted assistance with his vision and that assessment did not address his visual issues.

Investigation showed Respondent located a prior work station assessment completed in 2000, regarding Complainant's wrist. An ergonomic assessment was not located and Complainant reported one was not provided.

Witness #3, supervisor of nurses/health services, said after he receives documentation from an employee's physician, he completes a work status sheet which he provides to the supervisor. Complainant's physician recommended he not perform work that put his eyesight at risk and he thought Complainant had 20/20 vision in his good eye. He did not recall or did not know Complainant had visual field constriction in his good eye and a floater could blur his vision. He did not recall checking back with witness #2 regarding Complainant's job performance. When asked about the procedure for providing reasonable accommodations, he said it is up to the supervisor to follow the employee's restrictions.

Witness #8, sheet metal employee, observed Complainant's difficulty performing sheet metal work due to his vision. There were positions within the department Complainant could have performed like in the small parts area. Witness #8 indicated to his knowledge, the supervisor, witness #2, made no attempt to accommodate Complainant in regard to lighting or magnification. Witness #9, sheet metal employee, reported Respondent did not attempt to provide magnification for Complainant.

Witness #6 participated in meetings with Complainant and his line supervisor, witness #2. Witness #6 said witness #2 was well aware of the inadequate lighting. He said witness #2 made no effort to accommodate Complainant although there were numerous positions in sheet metal that would have posed significantly less risk to his eyes, such as: putting bolts in holes, cleaning units, working in small parts, and building skins.

Complainant alleged from August 30, 2010, to September 14, 2010 he tried to arrange for an occupational therapist, witness #4, to evaluate his work environment and suggest accommodations; but, his supervisor, witness #2, refused.

Respondent contended Complainant's supervisor denied he refused Complainant's request for an occupational evaluator, which would have to be arranged through security. Witness #2 was unaware

Case Summary No. 34476-11W Amended
Nyanjom vs. Hawker Beechcraft Company
Page 5

what an occupational therapist could do; but, informed Complainant their ergonomic evaluator could evaluate his job. However, following August 30, 2010, Complainant only worked two days and a few hours on a third day before he was on medical leave. Complainant would have needed to be on the job for the evaluator to understand his issues and make recommendations.

Complainant worked on September 7, 13, and part of September 14, 2010, during which time he had a sheet metal assessment, a requirement of re-assigned employees to determine if additional training is needed. Typically, the assessment takes about four hours. Complainant completed 60% of the assessment in 7 hours.

Complainant stated Respondent offered no reasonable accommodations, which included: changes in lighting, a video magnifier, a handheld electronic magnifier, additional time to read documentation, computer assistance, note taker equipment, etc...

Complainant alleged he was denied reasonable accommodations, subjected to transfers, subjected to an involuntary medical leave of absence, was not rehired, and was retaliated against. On September 14, 2010, he was placed on an involuntary medical leave of absence. Subsequently, he applied for numerous positions he could have performed and on January 21, 2011, he formally requested job placement. Respondent replied on January 28, 2011, stating he was laid off but had recall rights into QA. QA was in area in which he performed exceptionally well and trained others. In QA, he reviewed planning books to ensure parts were manufactured according to procedure. When he asked for magnification assistance to see the planning books, he was told to get a magnifying glass or maybe he needed new glasses. He took documentation to conference rooms to focus on it; but, was continually paged to perform inspections. He needed the accommodation of additional time to review documentation, and/or a computer with a magnifying device, and/or a voice activated computer. Complainant informed witness #1 and witness #2 numerous times he also needed accommodations in sheet metal to no avail. He also needed to wait in the building for a ride after his shift, which management questioned. However, they did not question others who stayed in the building after their shifts ended.

Complainant supervisor, witness #2, did not recall if Respondent attempted to provide Complainant with magnification due to his difficulty viewing instructions. They were concerned about his safety and ability to follow regulations. Since Complainant had difficulty viewing graphic work instructions, a sheet metal trainer stayed with him. Witness #2 was unsure why Complainant could not go to the next step on his own. He said the instructions were in a large binder and he guessed they never looked into enlarging it. Witness #2 said he could not recall if Complainant was concerned about metal shavings in the air when he drilled. They provided a face shield, a tie-back suit, and safety glasses. Witness #2 said it was possible if an employee sweated, etc... it would be more difficult to view work through safety glasses. Witness #2 did not know if a computer with magnification would have helped. Witness #2 said Complainant's below average quality of work could be due to a combination of things, which included not understanding/reading instructions,

Case Summary No. 34476-11W Amended
Nyanjom vs. Hawker Beechcraft Company
Page 6

rushing due to the schedule, and his physical issues. He said sometimes Complainant was there late because he was probably waiting for a ride. Another shift will be arriving, so Complainant was asked when he was leaving and he stayed maybe 30 minutes to an hour later.

Witness #3, supervisor of nurses/health services, said he was unaware of a proposed Envision assessment for Complainant. When asked why he did not recommend an ergonomic assessment, he said it was not part of his job. Witness #3 did not recall if he asked Complainant about how well safety glasses worked for him. Witness #3 was asked about the procedure for providing reasonable accommodations and he said it is up to the supervisor to follow restrictions. Witness #3 said he did not know specifics about Complainant's sheet metal assessment prior to his termination. He said it would be up to the trainer providing the assessment to make recommendations regarding accommodations during that assessment. He did not recall the trainer letting him know there was any issue with Complainant's vision during the sheet metal assessment.

Complainant's immediate supervisor, witness #1, said a trainer had to be with Complainant when he performed sheet metal work. There were some issues with the quality of his work when he drilled. Witness #1 did not recall if Complainant requested an accommodation in magnification or lighting. There was overhead lighting where Complainant worked and construction lighting. Witness #1 said Complainant waited on the trainer before going to the next step but he does not know if it was a visual problem. Complainant could use face shields and safety glasses, which should keep most metal burrs out. Witness #1 said Complainant's quality deficiencies were of a minor nature. He thought Complainant took a voluntary layoff. He did not recall Complainant having work performance issues prior to when his job ended.

Complainant reported he applied for approximately 71 jobs with Respondent from April 24, 2010, to August 9, 2011. He recalled doing a few phone interviews but no face-to-face interviews. He was scheduled to interview for a technical specialist position on February 16, 2011 and explained he was on an involuntary medical leave of absence because he is legally blind. On February 15, 2011, he was informed the manager had scheduling conflicts and the interview was cancelled until further notice. He never heard anything further.

Respondent contended they received 99 applications for the technical specialist position, requisition #0101930. They realized a previously laid off employee had performed the job and was working as a contractor. Therefore, the contractor was hired as a direct employee.

Complainant alleged in September 2010, he was denied long-term disability benefits.

Respondent contended Complainant was ineligible for long-term disability benefits, as he did not enroll in or pay for long-term disability.



Case Summary No. 34476-11W Amended
Nyanjom vs. Hawker Beechcraft Company
Page 7

## COMPARATIVE DATA

Complainant alleged employees with similar or less experience than he moved into management or QA positions. Respondent also had sheet metal positions he could have performed.

Complainant alleged employee #1 had less experience than he in QA; but, she remained a conformity inspector, when he was transferred to a sheet metal assembler position.

Respondent contended employee #1 had the seniority to hold her QA position, when Complainant was laid off on August 30, 2010.

Complainant said employee #2, who had a similar amount of time with Respondent, was placed in a management position in paint and operations.

Respondent contended employee #2's home department was paint, which she bumped back to.

Complainant said employee #3 had a similar amount of experience but did administrative work within sheet metal rather than cutting.

Respondent contended the only administrative sheet metal position in the department was a team leader/supervisor and there were no openings. Employee #3, who is senior to Complainant, applied for a salaried position and was accepted as a project manager liaison on August 9, 2010.

Complainant alleged employee #4 was a sheet metal employee but mixed paints and adhesives and did not cut sheet metal.

Respondent contended employee #4's home department was in paint, which she bumped back to and she had more seniority than Complainant.

Complainant said he applied for numerous jobs which he could have performed with his education and experience. Complainant reported he could have worked as a communication intern, which he interviewed for by phone. He has strong public relations skills and the ability to organize. He could have worked in business or financial positions if he had adequate lighting, magnification, and computer assistance. He applied for a market research intern position and a drafting and design specialist, senior. Complainant's experience included: sheet metal mechanic, quality assurance inspector, and his education includes aircraft sheet metal training, accounting, and a degree in business quality management.

Investigation, based on available documentation from interviews, showed a communications intern position opened May 15, 2011 and the preferred education was in public relations, communications, marketing or related field. The successful candidate had a public relations degree. If Complainant

Case Summary No. 34476-11W Amended
Nyanjom vs. Hawker Beechcraft Company
Page 8

had a phone interview, that information was not located by Respondent. An operations manager position opened in March 2011 and the preferred education was a degree in Manufacturing, Operations Management or Business. The two interviewees were both employee referrals. The requisition was put on hold and then reopened July 18, 2011. If Complainant interviewed, notes were not located by Respondent. The successful candidate had experience with another aircraft manufacturer which included: assembler/installer final assembly, crew chief final assembly, production foreman major assembly, final assembly, wing assembly, and value stream leader. He had a degree in aviation technology and a commercial pilot's license. An account manager position opened on May 15, 2011. If Complainant interviewed, notes were not located by Respondent. The successful candidate for the position had legal secretary experience, an associate degree, word information processing specialist. Her most recent experience was in a restaurant.

## SUMMARY

Evidence shows despite Complainant's repeated requests for Respondent to engage in an interactive dialogue regarding accommodations essential for him to perform sheet metal and QA positions, Respondent was unresponsive. Complainant was questioned about being in the building after hours, although the necessity of waiting for transportation was clear. Although an occupational therapy evaluation was requested by Complainant's optometrist so he could work safely, the supervisor was unresponsive thus preventing Complainant from modifying or adapting his work environment. There was no evidence he was provided with an ergonomic assessment. Complainant requested transfers to positions he could perform with or without accommodations to no avail. Complainant alleged he was subjected to an involuntary medical leave of absence, was not rehired, and was retaliated against. Complainant applied for numerous positions but received no job offers although his education includes a degree in Business Quality Management and numerous positions opened in that field. Complainant and other employees reported numerous positions were available within the sheet metal department, which Complainant could have performed more safely and accurately, but his supervisor made no attempt to accommodate. There is evidence Complainant was discriminated against due to his disability, was denied reasonable accommodations, was not offered alternative jobs that were available within the sheet metal department, where he was last bumped.

Complainant was ineligible for long-term disability benefits, as he did not enroll or pay for long-term disability. There was no discrimination in regard to his long-term disability benefits.





# CASE, MOSES, ZIMMERMAN & MARTIN, P.A.

ATTORNEYS AT LAW
D. Michael Case
David H. Moses
William H. Zimmerman, Jr.
Tammy M. Martin
Susan G. Saidian
Chris J. Pate
Justin M. Waggoner
Suzanne R. Dwyer, Of Counsel

Retired
Thomas L. Wilson
John E. Foulston

O.W. Garvey Center
200 West Douglas Ave., Suite 900
Wichita, Kansas 67202
Telephone: 316-303-0100
Toll-Free: 866-303-0101
Facsimile: 316-265-8263

www.cmzwlaw.com
sgsaidian@cmzwlaw.com

Overland Park, KS Office:
7011 West 121st Street, Suite 102
Corporate Lakes
Overland Park, Kansas 66209
T: 913-948-9360
888-250-3871
F: 913-451-1553

September 7, 2012



United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

Re:   Hawker Beechcraft Corporation
      Case no. 12-11878, Chapter 11

Dear Sir or Madam:

Enclosed is an original and one copy of a claim on behalf of Harold Nyanjom (35023-12W) as well as a stamped, self addressed envelope. Please file the original and return a filestamped copy to me in the enclosed envelope. If you have any questions, please do not hesitate to give me a call.

Very truly yours,

Susan G. Saidian

SGS/ss
Enclosures

Hawker Beechcraft, Inc. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5285
New York, NY 10150-5285

THIS SPACE IS FOR COURT USE ONLY

| Name of Debtor Against Which Claim is Held: | Case No. of Debtor: |
|---|---|
| HAWKER BEECHCRAFT CORPORATION | 12-11878 (SMB) |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

Name and address where notices should be sent:

HBC (MERGE2.DBF,SCHED_NO) SCHEDULE #: 878041370*****
BAR(23) MAILID *** 000063298590 ***
NYANJOM, HAROLD

c/o Susan Saidian
Case, Moses, Zimmerman & Martin
200 W. Douglas, Suite 900
Wichita, KS 67202

Telephone number:        Email Address:

316-303-0300        sgsaidian@cmzwlaw.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
(If known)
Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Your claim is scheduled by the Debtor as:
UNSECURED
UNLIQUIDATED
DISPUTED
CONTINGENT
UNDETERMINED

Name and address where payment should be sent (if different from above):

THIS SPACE IS FOR COURT USE ONLY

Telephone number:        Email Address:

**5.** Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

**1.** Amount of Claim as of Date Case Filed: $ See Attached

If all or part of your claim is secured, complete Item 4.

If all or part of your claim is entitled to priority, complete item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

**2.** Basis for Claim: See Attached _____ (See instruction #2 on reverse side)

**3.** Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side)

**4.** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____

Value of Property: $_____   Annual Interest Rate _____% ☐ Fixed  or  ☐ Variable
(when case is filed)

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

☐ Wages, salaries or commissions (up to $11,725), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6.** Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____ (See instruction #6 on reverse side)

**7.** Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7 on reverse side)

**8.** Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #3 on reverse side and definition of "redacted").
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9.** Signature: (See instruction #9 on reverse side)   Check the appropriate box:
☐ I am the creditor   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attached a copy of power of attorney, if any)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Harold Nyanjom        Title: _____        Company: _____

Address and telephone number
(if different from notice address above):

_____        _____ (Signature)        9/7/2012 (Date)

Telephone number: _____        email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Exhibit to Proof of Claim of Harold Nyanjom**

See Summary of Investigative Findings, attached, for more details on the claim. The amount claimed pursuant to Docket No. 35023-12W includes wages, medical and incidental damages and documentation will be supplied once the exact amount is determined. The amount claimed may be subject to adjustment for statutory fines or penalties or punitive damages if they are allowed.  It is not debtor's intention to double claim from his claim on Docket Number 34476-11W. Filing of this claim is not intended to prejudice claimant's ability to seek stay relief or to pursue third parties.

**$150,000** exclusive of punitive damages and/or fines or statutory penalties if they are allowed

Harold Nyanjom
September 7, 2012





130 S. Market St., Ste. 7050
Wichita, KS 67202-3827

# Kansas
## Human Rights Commission

Phone: (316) 337-6270
Fax: (316) 337-7376
www.khrc.net

Melvin J. Neufeld, Chair, Garden City
Terry Crowder, Vice Chair, Topeka
Pat Hill, Overland Park
Joshua Ney, Lawrence
Anthony Villegas, Sr., Kansas City
Jerome Williams, Wichita

William V. Minner, Executive Director
Ruth Glover, Assistant Director
Bill Wright, Topeka Investigative Admin.

Sam Brownback, Governor
Orie Kirksey, Topeka Investigative Admin.
Jane L. Neave, Wichita Investigative Admin.
Rick Fischli, Racial & Other Profiling Admin.
Beth Montgomery, Office Manager

August 27, 2012

Harold M. Nyanjom
P.O. Box 16681
Wichita, KS 67216

RE: Case No. 35023-12W; Harold M. Nyanjom vs. Hawker Beechcraft Company

Dear Mr. Nyanjom:

This is to notify you that the investigation of your complaint against Hawker Beechcraft Company has been completed. After a review of the facts, the Investigating Commissioner made a determination of No Probable Cause. A No Probable Cause determination means that the available evidence did not support the allegations in your complaint. A copy of the Investigative Case Summary is enclosed for your information.

The No Probable Cause determination, according to the Supreme Court of Kansas, is not subject to appeal. If you so wish, you may seek private legal counsel, at your own expense, to learn if other alternatives exist.

As your charge was filed under Title VII of the Civil Rights Act and/or the Age Discrimination in Employment Act, which is/are enforced by the Equal Employment Opportunity Commission (EEOC), you have the right to request EEOC review of this action. To secure a review, you must request it in writing, within 15 days of your receipt of this letter, to Equal Employment Opportunity Commission, Robert A. Young Building, 1222 Spruce Street, Eighth Floor, Room 8.100, St. Louis, Missouri 63103.

We are closing your case and placing it in our inactive files effective this date. Thank you for your cooperation.

Very truly yours,

Jane L. Neave
Wichita Investigative Administrator

JLN/yj
Enclosure

(c)

## CASE SUMMARY REPORT

DOCKET NO.  35023-12W

| COMPLAINANT | vs. | RESPONDENT |
|---|---|---|

Harold M. Nyanjom
P.O. Box 16681
Wichita, KS  67216

Hawker Beechcraft Company
9709 E. Central
Wichita, KS  67206

INVESTIGATOR:

SUMMARY DATE:

Cindy Nelson

August 8, 2012

### SUMMARY OF INVESTIGATIVE FINDINGS

### COMPLAINANT'S ALLEGATIONS

He was denied disability retirement benefits and subjected to an involuntary retirement as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

### RESPONDENT'S DEFENSE

Respondent let Complainant know he could apply for disability benefits and contact the benefits center for information. Respondent does not perform disability estimates. Complainant's disability retirement payments were scheduled to begin August 1, 2011, with retroactive payments for June and July. Respondent talked with Complainant about rescinding his benefit payments to allow him to apply at a later date. Complainant made the decision not to proceed with asking for a rescission.

### INVESTIGATIVE FINDINGS

Respondent is a general aviation manufacturer. Complainant was hired on January 22, 1999 and was placed on medical leave effective September 15, 2010. Respondent's letter on January 28, 2011 acknowledged he was laid off but had recall rights into quality assurance (QA).

Complainant previously filed a discrimination complaint against Respondent, charge # 34476-11W, in which no determination has been made. Complainant last held the position of sheet metal assembler. There is a collective bargaining agreement.

Complainant alleged on February 15, 2011, he filed a disability discrimination complaint against Respondent. Subsequently, on May 31, 2011, he was subjected to an involuntary retirement. He

(c)

Case Summary No. 35023-12W
Nyanjom vs. Hawker Beechcraft Company
Page 2

would have continued working if he was provided with reasonable accommodations he repeatedly requested. Furthermore, he was provided with retirement benefits beginning May 31, 2011; however, he was not provided disability retirement benefits prior to this date, even though he had been determined to have a disability and was placed on an involuntary medical leave of absence as of September 14, 2010.

Respondent contended Complainant contacted their benefits center on February 10, 2011, and requested an estimate for disability retirement benefits and reported that social security declared him disabled. Respondent received an e-mail from Complainant on July 11, 2011, requesting details in regard to the process that led to determining his disability retirement and termination. He said he asked for information "specifically about what monthly payments would be under disability pension with a disability commencing on 9/14/10." The benefits center stopped providing estimates; because, they often were provided with an incorrect disability onset date recognized by social security. Respondent only performed a calculation once a participant officially applied for disability pension and provided supporting documents. After they received Complainant's application for disability retirement and the document from social security declaring him disabled, the benefits center scheduled his disability retirement payments to begin August 1, 2011, with retroactive payments for the months of June and July. Complainant decided not to proceed with asking for a rescission of the benefit effective June 1, 2011, but to leave the benefit in place. Respondent denied Complainant was denied disability retirement benefits, in that his benefit was approved and paid retroactive to the earliest date he was eligible. This was the date he was approved for SSDI benefits. Respondent offered to revise the retirement benefit, but Complainant made the decision not to.

SUMMARY

Evidence shows after Respondent received Complainant's application for disability retirement and the document from social security declaring him disabled, the benefits center scheduled his disability retirement payments to begin August 1, 2011, with retroactive payments for the months of June and July. Complainant decided not to proceed with asking for a rescission of the benefit effective June 1, 2011, but to leave the benefit in place. There was no evidence of retaliation in regard to Complainant's disability retirement benefits.





# CASE, MOSES, ZIMMERMAN & MARTIN, P.A.

ATTORNEYS AT LAW
D. Michael Case
David H. Moses
William H. Zimmerman, Jr.
Tammy M. Martin
Susan G. Saidian
Chris J. Pate
Justin M. Waggoner
Suzanne R. Dwyer, Of Counsel

Retired
Thomas L. Wilson
John E. Foulston

O.W. Garvey Center
200 West Douglas Ave., Suite 900
Wichita, Kansas 67202
Telephone: 316-303-0100
Toll-Free: 866-303-0101
Facsimile: 316-265-8263

www.cmzwlaw.com
sgsaidian@cmzwlaw.com

Overland Park, KS Office:
7011 West 121st Street, Suite 102
Corporate Lakes
Overland Park, Kansas 66209
T: 913-948-9360
888-250-3871
F: 913-451-1553

September 7, 2012



United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

Re:    Hawker Beechcraft, Inc.
       Case no. 12-11873, Chapter 11

Dear Sir or Madam:

Enclosed is an original and one copy of a claim on behalf of Harold Nyanjom as well as a stamped, self addressed envelope. Please file the original and return a filestamped copy to me in the enclosed envelope. If you have any questions, please do not hesitate to give me a call.

Very truly yours,

Susan G. Saidian

SGS/ss
Enclosures

**PROOF OF CLAIM FORM**

United States Bankruptcy Court for the Southern District of New York

Hawker Beechcraft, Inc. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5285
New York, NY 10150-5285

THIS SPACE IS FOR COURT USE ONLY

(c)

| Name of Debtor Against Which Claim is Held: | Case No. of Debtor: |
|---|---|
| Hawker Beechcraft, Inc. | 12-11873 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name and address where notices should be sent:

HBC (CREDITOR.DBF,CREDNUM)CREDNUM # 1000018609******
BAR(23) MAILID *** 000063323353 ***
NYANJOM, HAROLD M , in care of
Susan Saidian
Case, Moses, Zimmerman & Martin
200 W. Douglas, Suite 900
Wichita, KS 67206

Telephone number:          Email Address:
316-303-0100      sgsaidian@cmzwlaw.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number:_____
     (If known)
Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):



Telephone number:          Email Address:

THIS SPACE IS FOR COURT USE ONLY

5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $11,725), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/1. and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

1.   Amount of Claim as of Date Case Filed: $   See Attached

If all or part of your claim is secured, complete Item 4.

If all or part of your claim is entitled to priority, complete item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2.   Basis for Claim: Retirement                                  (See instruction #2 on reverse side)

3.   Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side)

4.   Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate____% ☐ Fixed  or  ☐ Variable
                                                (when case is filed)

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____   (See Instruction #6 on reverse side)

7.   Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7 on reverse side)

8.   Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #3 on reverse side and definition of "redacted").
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

9.   Signature: (See Instruction #9 on reverse side)   Check the appropriate box:
☐ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their   ☐ I am a guarantor, surety, indorser, or other codebtor
       (Attached a copy of power of attorney, if any)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Harold Nyanjom          Title: _____          Company: _____

Address and telephone number
(if different from notice address above):



Telephone number:_____   email:_____

(Signature)      9/17/2012

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



**Exhibit to Proof of Claim of Harold Nyanjom for retirement/disability benefits.**

Claimant was employed by Hawker for 12 years until approximately May of 2011 and is a participant in the Hawker retirement plan and is currently receiving disability benefits. He understands that no proof of claim may be necessary for certain retirement or disability benefits, and this proof of claim is not intended to affect in any way his ability to collect retirement or disability benefits from sources other than the debtor or as the debtor may provide. The amount owed is undetermined at this time.

Harold Nyanjom
September 7, 2012

 

# CASE, MOSES, ZIMMERMAN & MARTIN, P.A.

ATTORNEYS AT LAW
D. Michael Case
David H. Moses
William H. Zimmerman, Jr.
Tammy M. Martin
Susan G. Saidian
Chris J. Pate
Justin M. Waggoner
Suzanne R. Dwyer, Of Counsel

Retired
Thomas L. Wilson
John E. Foulston

O.W. Garvey Center
200 West Douglas Ave., Suite 900
Wichita, Kansas 67202
Telephone: 316-303-0100
Toll-Free: 866-303-0101
Facsimile: 316-265-8263

www.cmzwlaw.com
sgsaidian@cmzwlaw.com

Overland Park, KS Office:
7011 West 121st Street, Suite 102
Corporate Lakes
Overland Park, Kansas 66209
T: 913-948-9360
888-250-3871
F: 913-451-1553

September 7, 2012

FILE

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

Re:   Hawker Beechcraft Corporation
      Case no. 12-11878, Chapter 11

Dear Sir or Madam:

Enclosed is an original and one copy of a claim on behalf of Harold Nyanjom as well as a stamped, self addressed envelope. Please file the original and return a filestamped copy to me in the enclosed envelope. If you have any questions, please do not hesitate to give me a call.

Very truly yours,

Susan G. Saidian

SGS/ss
Enclosures

**PROOF OF CLAIM FORM**

United States Bankruptcy Court for the Southern District of New York
Hawker Beechcraft, Inc. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5285
New York, NY 10150-5285

THIS SPACE IS FOR COURT USE ONLY

| Name of Debtor Against Which Claim is Held: | Case No. of Debtor: |
| --- | --- |
| Hawker Beechcraft Corporation | 12-11878(SMB) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name and address where notices should be sent:
HBC (CREDITOR.DBF,CREDNUM)CREDNUM # 1000013609*******
BAR(23) MAILID *** 00006332353 ***
NYANJOM, HAROLD M , in care of
Susan Saidian
Case, Moses, Zimmerman & Martin
200 W. Douglas, Suite 900
Wichita, KS 67206
Telephone number:          Email Address:
316-303-0100     sgsaidian@cmzwlaw.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
   (If known)
Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):




Telephone number:          Email Address:

THIS SPACE IS FOR COURT USE ONLY

5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $11,725,) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

1.   Amount of Claim as of Date Case Filed: $  See Attached
If all or part of your claim is secured, complete Item 4.
If all or part of your claim is entitled to priority, complete item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2.   Basis for Claim: Retirement _____ (See instruction #2 on reverse side)

3.   Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side)

4.   Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____  Annual Interest Rate _____% ☐ Fixed  or  ☐ Variable
(when case is filed)
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____
Basis for perfection: _____
Amount of Secured Claim: $ _____  Amount Unsecured: $ _____

6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _____ (See instruction #6 on reverse side)

7.   Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7 on reverse side)

8.   Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #3 on reverse side and definition of "redacted".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

9.   Signature: (See instruction #9 on reverse side)   Check the appropriate box:
☐ I am the creditor  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their  ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attached a copy of power of attorney, if any)   authorized agent. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Harold Nyanjom          Title:          Company:
Address and telephone number
(if different from notice address above):
_____
_____                       (Signature)          (Date)
Telephone number:          email:

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.