# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HAROLD M. NYANJOM, )
)
        Plaintiff, )
)
vs. )   Case No. 12-1438-JTM-KGG
)
HAWKER BEECHCRAFT, INC., )
)
        Defendant. )
)

## ORDER ON MOTION TO PROCEED
## WITHOUT PREPAYMENT OF FEES AND
## MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging employment discrimination (Doc. 1), Plaintiff Harold M. Nyanjom has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1). He also has filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

**I.**     **Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates she is 44 years old, married, with two minor children who he supports financially. (Doc. 3-1, at 1-2.) His wife does not work outside the home. Plaintiff is currently unemployed and was most recently employed by Defendant. (*Id*., at 2-3.) He lists a sizeable monthly income in the form of Social Security benefits, as well as an amount in the category of "[p]ensions, trust funds, annuities or life insurance payment." (*Id*., at 5.)

Plaintiff and his spouse do not own real property. (*Id*., at 3.) He does, however, own three modest automobiles, with an estimated value of $3,000.00. (*Id*., at 4.) He lists reasonable amounts for typical monthly expenses, including

rent, grocery expense, utilities, insurance, etc. (*Id*., at 5.) His expenses are not greater than his listed monthly income, although the difference is only a couple hundred dollars a month. He also indicates an amount of cash on hand. (*Id*., at 4.) While this amount would be enough to cover the Court's filing fee, the Court does not find this money to be a factor considering Plaintiff's status as head of a household with minor children and numerous monthly expenses. Plaintiff has previously filed for bankruptcy. (*Id*., at 6.)

Considering all of the information contained in the financial affidavit, the Court finds that Plaintiff has adequately established that he is entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**II.     Motion for Appointment of Counsel**.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v.***

*Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

The Court acknowledges that Plaintiff cannot afford counsel.  (*See* § I, above.)  Further, although he does not list the attorneys he has contacted, he attaches correspondence from numerous attorneys (who have chosen not to represent him), establishing that he has diligently searched for counsel.  (*See e.g.,* Doc. 4, 2-12.)  Given the finding of "reasonable cause to believe that a violation of the law has occurred" made by the KHRC, and adopted by the EEOC, the Court does not see any facial deficiencies regarding the merits of Plaintiff's claims.

In considering Plaintiff's capacity to represent himself, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex.  *See* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations

4

of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 9th day of January, 2013.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge