# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HAROLD M. NYANJOM, )
)
        Plaintiff, )
)
vs. ) Case No. 12-1438-JTM-KGG
)
HAWKER BEECHCRAFT CORP., )
)
        Defendant. )
)

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER APPLICATION FOR APPOINTMENT OF COUNSEL

Plaintiff Harold Nyanjom has filed a motion (Doc. 9) requesting that the Court reconsider its previous order (Doc. 6) denying his Application for Appointment of Counsel (Doc. 4). Having reviewed Plaintiff's submission, the Court is prepared to rule.

As the Court previously discussed, the Tenth Circuit has identified four factors to be considered when deciding whether to appoint counsel: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner***

*v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). The Court previously acknowledged that Plaintiff had established his inability to afford counsel. (Doc. 4, at 4.)

The Court previously granted Plaintiff's motion to proceed *in forma pauperis*, thus establishing his inability to afford counsel. (Doc. 6, at 1-3.) In denying Plaintiff's prior request for counsel, the Court noted that Plaintiff made a reasonable and diligent search for counsel, thus satisfying the second *Castner* factor. (*Id*., at 4.) The Court also previously determined that Plaintiff had satisfied the third *Castner* factor, stating that his claims are not frivolous on their face, for the purposes of this motion. (*Id*.) The Court's analysis thus turns on the final *Castner* factor – Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21.

As stated in this Court's initial Order, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422; *see also* Doc. 6, at 4. The Court previously held that the factual and legal issues in the present case are not unusually complex. *See* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000). The Court also held that there was no basis to distinguish Plaintiff from the various other *pro*

*se* Plaintiff's representing themselves in federal courts throughout the United States at any given time.

Since the entry of the Court's initial order denying appointment of counsel, Defendant Hawker Beechcraft has filed it's "Suggestion of Bankruptcy," notifying Plaintiff that it has filed Chapter 11 bankruptcy in the United States Bankruptcy Court, Southern District of New York. (Doc. 7.) This brings into play fairly complicated legal rules relating to litigation involving a party that is currently in – or is coming out of – bankruptcy. While Plaintiff might well be able to present the facts of his case at a trial without assistance of an attorney, the procedural issues leading up to any determination of the merits of this case are more complicated and difficult for a *pro se* party to navigate.

In addition, Plaintiff has now informed the Court that he is blind. (Doc. 9, at 1.) This obviously complicates his ability to conduct the necessary legal research and serves as a basis to distinguish Plaintiff from other *pro se* litigants. The Court is not finding that Plaintiff's blindness, in and of itself, entitles him to appointment of counsel. Rather, the Court has various types of assistance available for litigants with disabilities. Taken in conjunction with Defendant's bankruptcy, however, the Court finds that the appointment of counsel in this matter is appropriate.

Considering all of these factors, the Court will **GRANT** the motion for

reconsideration and will **GRANT** Plaintiff's request for appointment of counsel. The Court will initiate the process for obtaining counsel for Plaintiff and will enter a final order of appointment after counsel has been located.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to reconsider his application for appointment of counsel (Doc. 9) is **GRANTED** and Plaintiff's request for appointment of counsel (Doc. 4) is also **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 6th day of March, 2013.

                                        s/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge