IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HAROLD M. NYANJOM,

      Plaintiff,

v.                          Case No. 12-1438-JTM

HAWKER BEECHCRAFT, INC.,

      Defendant.

## ORDER

Plaintiff Harold M. Nyanjom filed this case alleging employment discrimination by his employer, defendant Hawker Beechcraft. Hawker Beechcraft filed for Chapter 11 bankruptcy in May 2012. It filed a Status Report Regarding Bankruptcy (Dkt. 12) with this court on February 27, 2013, informing the court that the U.S. Bankruptcy Court for the Southern District of New York had confirmed its Chapter 11 Plan of Reorganization. The Plan provides for a discharge of Hawker Beechcraft from debts and claims arising before February 1, 2013. *See* Dkt. 12, Exh. 1, p. 57.

Nyanjom's claim against Hawker arose before February 1, 2013. Accordingly, the court ordered Nyanjom to show cause by March 28, 2013, why the case should not be dismissed. *See* Dkt. 14. Nyanjom filed his pro se Response to the bankruptcy status report (Dkt. 17) on March 11. Although the Response does not specifically refer to the Order to Show Cause, the court reviews it as a proper response to the Order because it contains arguments against discharging Nyanjom's claim.

The court finds that Nyanjom has failed to show sufficient cause why the case should not be dismissed with prejudice. Hawker Beechcraft's Plan of Reorganization states:

> "Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold or may hold Claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; . . . or (5) are otherwise stayed or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after [February 1, 2013], from commencing or continuing in any manner any action or other proceeding, including on account of any Claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors, the Reorganized Debtors, or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of or in connection with or with respect to any released, settled, compromised, or exculpated Claims, Interests, Causes of Action, or liabilities."

Dkt. 12, Exh. 1, p. 57. Under the Bankruptcy Code, the confirmation of such a plan "discharges the debtor from any debt that arose before the date of such confirmation . . ." *See* 11 U.S.C. § 1141(d)(1)(A) (2010).

Nyanjom argues that an exception under § 523(a)(6) of the Bankruptcy Code protects his claim from being discharged. "A discharge under [§ 1141] of this title does not discharge an *individual debtor* from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (emphasis added). Nyanjom argues that Hawker Beechcraft's discrimination against him amounts to a "willful and malicious injury by the debtor." However, Hawker Beechcraft is a corporate debtor, and by its terms the exception applies to individual debtors. *See Yamaha Motor Corp. U.S.A. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985).

The language and the case law interpreting the statute are clear that the exception does not apply to corporate debtors. *See In re Kuempel Co.*, 14 B.R. 324, 325–27 (Bankr. S.D. Ohio 1981). *See also In re Lucas*, 21 B.R. 585 (Bankr. W.D. Penn. 1982). Congress clearly did not intend the term "corporate debtor" to be used interchangeably with the term "individual debtor," as such a construction would "render meaningless employment by Congress of the term 'individual.' " *Yamaha Motor Corp. U.S.A.*, 762 F.2d at 670 (quoting *Kuempel*, 14 B.R. at 325).

Nyanjom's Response also states that an exception to discharge exists for claims pursued by the EEOC. However, this exception does not apply here, because the EEOC has not brought this claim. The remainder of Nyanjom's Response addresses a stay entered in another case in the District of Kansas, and is irrelevant to the issue for which he has been ordered to show cause in this case. For these reasons, the court finds that Nyanjom's claims should be dismissed with prejudice for a failure to show sufficient cause pursuant to the court's order.

IT IS THEREFORE ORDERED this 29th day of March, 2013, that the case is dismissed with prejudice for the reasons stated above.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE